**36 So.2d 32**

### STATE v. GUIDRY.

No. 38717.

June 1, 1948.

A. V. Pavy and Lessley P. Gardiner, both of Opelausas, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Ass't Atty. Gen., and Seth Lewis, Dist. Atty., of Opelausas, for appellee.

HAWTHORNE, Justice.

Defendant, Theo Guidry, charged in a bill of indictment with the crime of aggravated rape [of a juvenile], after trial was found guilty of simple rape and sentenced to serve a term in the state penitentiary.

On the trial of this case two bills of exception were taken to rulings of the

court on the admissibility of testimony elicited from witnesses for the State on direct examination, over the defendant's objection that this testimony was hearsay.

Clifton Jeansonne, chief of police of Eunice, Louisiana, a witness for the State, was asked on direct examination whether the prosecuting witness had shown him the place where the alleged rape occurred. Over defendant's objection he was permitted to describe the location of the place pointed out to him by the prosecuting witness.

The trial judge in his per curiam points out that this testimony was admitted solely for the purpose of establishing venue— that is, that the crime was committed within the Parish of St. Landry. We are convinced that the question was asked, not to prove the truth of the assertion that the rape had been committed at this place, but to establish that a place had been pointed out to the officer by the prosecuting witness, and this officer established only the fact that the place designated was in the Parish of St. Landry. A reading of the testimony attached to the bill shows that it in no way pertains to the guilt or innocence of the accused.

The trial judge further states that the testimony of the chief of police as to the place where the crime was alleged to have been committed was subsequently corroborated by the prosecuting witness herself, and under these circumstances the defendant was in no way prejudiced by the ad-

mission of the testimony of the chief of police, which was admitted solely for the purpose of establishing and proving venue.

In support of his ruling, the trial judge relies on the case of State v. Brasseaux, 163 La. 686, 112 So. 650, certiorari denied 275 U.S. 522, 48 S.Ct. 22, 72 L.Ed. 405, and we think that this case is full authority for his position.

■ The other bill of exception was taken to a question propounded on direct examination to Dr. J. J. Stagg, also a witness for the State, who had testified that he ordered his technician to make a smear from the vagina of the prosecuting witness. When he was asked whether he had later made an examination under a microscope of this smear, counsel for defendant objected on the ground that, unless the doctor could testify that the smear was taken under his direction and in his presence, and that he saw it mounted on a microscope, the testimony constituted hearsay of the rankest sort.

The trial judge's per curiam to this bill states: "The Court, out of the presence of the Jury, and by questioning the doctor, satisfied itself completely that this smear was made under the direction of the doctor, by his technician, who was in attendance at the physical examination of this child [the prosecuting witness]; that it was thereupon mounted on the microscope and personally examined by him. All of this was accomplished at one and the same time in the usual course. The doctor was able to tes-

tify and did testify that the smear he examined was taken from the vagina of the child and that he examined that slide. * * * "

The per curiam of the trial judge fully and completely answers the objection made by counsel for defendant, and we find no merit in this bill.

The conviction and sentence are affirmed.

O'NIELL, C. J., dissents from the ruling on the bill relating to the testimony of Clifton Jeansonne.